JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 26-3316 JGB (Ex)** | Date | August 19, 2026 |
|---|---|---|---|
| Title | ***Jose Rosas, et al. v. Menasha Packaging Company, LLC, et al.*** | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings: Order (1) GRANTING Plaintiff's Motion to Remand (Dkt. No. 14); and (2) VACATING the August 24, 2026 Hearing (IN CHAMBERS)**

Before the Court is Plaintiffs Jose Rosas ("Rosas"), Marco Antonio Casillas ("Casillas"), and Victor Ramirez's ("Ramirez") (collectively, "Plaintiffs") motion to remand pursuant to 28 U.S.C. §§ 1447. ("Motion," Dkt. No. 14.) The Court determines this matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of and in opposition to the Motion, the Court **GRANTS** the Motion. The Court **VACATES** the August 24, 2026 hearing.

## I. BACKGROUND

On April 29, 2026, Plaintiffs, individually and on behalf of similarly situated individuals, filed a representative action complaint in the Superior Court of the County of San Bernardino against Defendant Menasha Packaging Company, LLC ("Menasha" or "Defendant") and Does 1 through 100. ("Complaint," Dkt. No. 1-1, Ex. A.) The Complaint asserts a single cause of action under the Private Attorneys General Act (PAGA), California Labor Code § 2698 et seq. based on underlying violations of various California Labor Code provisions. (Id. at ¶ 1.) On June 25, 2026, Defendant answered the Complaint. ("Answer to Complaint," Dkt. No. 7.)

On June 15, 2026, Defendant removed the action to federal court. ("Notice of Removal," Dkt. No. 1.) Plaintiff filed the Motion on July 15, 2026. (Dkt. No. 14.) Defendant opposed the Motion on July 27, 2026. ("Opposition," Dkt. No. 18.). Plaintiff replied in support of the Motion on August 3, 2026. ("Reply," Dkt. No. 20.)

## II. REQUESTS FOR JUDICIAL NOTICE

A court may take judicial notice of an adjudicative fact not subject to "reasonable dispute," either because it is "generally known within the territorial jurisdiction of the trial court," or it is capable of accurate and ready determination by resort to sources whose "accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Under Federal Rule of Evidence 201, "[a] court must take judicial notice if a party requests it[.]" Fed. R. Evid. 201(c)(2).

Proceedings of other courts, including orders and filings, are the proper subject of judicial notice when directly related to the case, though not for the truth of the contents of the underlying documents. See United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (stating that courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.") Plaintiffs requested judicial notice of the court order in matter, Osorio v. Nordstrom Inc., No. 8:26-CV-00644-FWS-DFM, 2026 WL 1349511 (C.D. Cal. May 13, 2026), granting a motion to remand for failure to establish diversity jurisdiction.

Defendant requests judicial notice of the following:

- March 2, 2026, Class Action Complaint, Rosas, et al. v. Menasha Global, LLC, et al., USDC Case No. 5:26-cv-03316 ("RJN A"); and
- January 22, 2026, Class Action Complaint, Sutton v. Staffing Synergies, Inc. et al., USDC Case No 26-cv-01100 ("RJN B"); and
- April 30, 2026, PAGA Representative Action Complaint, Sutton v. Staffing Synergies, Inc., et al., USDC Case No. 26-cv-03315 ("RNJ C"); and
- April 13, 2026, Declaration of Robert Buckner in Opposition to Plaintiffs Jose Rosas and Marco Antonio Casillas's Motion to Remand, Rosas, et al. v. Menasha Global, LLC, et al., Case No. SBC-25-O-30346 ("RJN D").

Here, the items for judicial notice are not directly related to this matter. Accordingly, Plaintiffs and Defendant's requests for judicial notice are **DENIED**. The Court notes that it may still consider Osorio as nonbinding precedent.

## III. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a matter to federal court where the district court would have original jurisdiction. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Federal courts have limited jurisdiction, possessing "only that power authorized by Constitution and statute." Gunn v. Minton, 568 U.S. 251, 256 (2013) (citation omitted). A defendant may remove a civil action only where a federal question exists or in which complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332. "Complete diversity" means that "each defendant must

be a citizen of a different state from each plaintiff." In re Digimarc Corp. Derivative Litigation, 549 F.3d 1223, 1234 (9th Cir. 2008).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The "strong presumption" against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. (citations omitted). The court must resolve doubts regarding removability in favor of remanding the case to state court. Luther v. Countrywide Home Loans Servicing LP, 533 F.3d 1031, 1034 (9th Cir. 2008).

PAGA allows employees to bring suit against their employers if the Labor & Workforce Development Agency ("LWDA") has failed to investigate alleged violations of the California Labor Code. Urbino v. Orkin Servs. of California, Inc., 726 F.3d 1118, 1121 (9th Cir. 2013). Employees in PAGA actions receive 35% of the collected penalties assessed as the result of suits, the LWDA receives the remaining 65%. Cal. Lab. Code § 2699(m). Under PAGA, employees may also seek $100 for each initial violation per pay period and $200 dollars for each subsequent violation. Cal. Lab. Code § 2699(f)(2).

## IV. DISCUSSION

Plaintiffs raise two arguments in favor of remand. First, Plaintiffs argue that complete diversity does not exist because the State of California is the real party of interest of the PAGA claim. (Mot. at 1.) Second, Plaintiffs contend that the amount in controversy does not meet the $75,000 threshold required for diversity jurisdiction. (Id.)

In its Opposition, Defendant contends that complete diversity exists because each individual plaintiff serves as a real party of interest respective to their individual claims. (Opp'n. at 3.) Defendant also argues that the Court should include the State's share of civil penalties along with the full cost of attorney's fees to prosecute this PAGA action in its calculation of amount in controversy. (Id. at 5, 8.) Finally, Defendant alleges that the claims brought by Plaintiffs Casillas and Ramirez each individually meet the $75,000 required threshold to establish jurisdiction. (Id. at 6.) Because the Court finds that complete diversity does not exist for diversity jurisdiction purposes, the Court does not address the parties' arguments concerning the amount in controversy.

A "State is not a 'citizen' for purposes of the diversity jurisdiction." Moor v. Cnty. of Alameda, 411 U.S. 693, 717 (1973). In this case, if the real party in interest is the State of California, then this Court lacks diversity jurisdiction because 28 U.S.C. § 1332(a)(1) refers to "citizens of different States." See Missouri, K. & T. Ry. Co. of Kansas v. Hickman, 183 U.S. 53, 58 (1901) ("If that conclusion [that the state was the real party in interest] be correct then no removal in this case was justifiable, because a state is not a citizen within the meaning of the removal acts."); State of Minnesota v. N. Sec. Co., 194 U.S. 48, 63 (1904) ("[T]he circuit court could not take cognizance of the case as one presenting a controversy between citizens of

different states, for the [S]tate . . . is not a citizen within the meaning of the Constitution or the acts of Congress.")

In Urbino v. Orkin Services of California, Inc., 726 F.3d 1118, 1122 (9th Cir. 2013), the Ninth Circuit held that for purposes of a representative PAGA action, claims of aggrieved employees cannot be aggregated to meet the jurisdictional amount required for diversity jurisdiction purposes. Aggregation of claims may only occur when the claims are united to "enforce a single title or right in which they have a common and undivided interest." Id. (quotations omitted). In PAGA actions, "[e]ach employee suffers a unique injury . . . that can be redressed without the involvement of other employees" thus preventing aggregation. Id. When addressing the issue of plaintiff's interest for jurisdictional purposes, the Ninth Circuit concluded that "[t]o the extent Plaintiff can—and does—assert anything but his individual interest . . ., we are unpersuaded that such a suit, the primary benefit of which will inure to the state, satisfies the requirements of federal diversity jurisdiction." Id. at 1122-23. "The state, as the real party in interest, is not a 'citizen' for diversity purposes." Id. at 1123.

In a later case, Canela v. Costco Wholesale Corp., 971 F.3d 845, 849 (9th Cir. 2020), the Ninth Circuit affirmed Urbino's holding that "PAGA civil penalties could not be aggregated for [jurisdictional purposes]." The Ninth Circuit also described in a footnote that the Urbino court was "also unpersuaded that the PAGA action could satisfy the complete diversity element because the State of California was the real party in interest and was not a citizen." Id. n.1. (citing Urbino, 726 F.3d at 1123). Following Canela, other courts have refused to find complete diversity for jurisdictional purposes in PAGA-only claims because California is the real party of interest. See e.g. Alvarez v. AutoZone, Inc., No. EDCV142471FMOSPX, 2022 WL 1404245, *3 (C.D. Cal. May 3, 2022); Madero v. McLane Foodservice, Inc., No. SACV 24-1013-KK-DTBX, 2024 WL 3251730, *3-4 (C.D. Cal. June 18, 2024).

The Court acknowledges that Urbino and Canela concerned the aggregation of PAGA penalties in calculating the amount in controversy and not directly the diversity of citizenship. Urbino, 726 F.3d at 1122; Canela, 971 F.3d at 849-50. Other courts have found complete diversity to exist in actions raising only PAGA claims. See. e.g., Russo v. Fed. Med. Servs., Inc., 756 F. Supp. 3d 748, 755-56 (N.D. Cal. 2024). However, the cases are at-most persuasive and "simply raise doubt over the existence of complete diversity[.]" Madero, No. SACV 24-1013-KK-DTBX, 2024 WL 3251730 at *4. Accordingly, the court must "resolve doubts regarding removability in favor of remanding the case to state court." Luther v, 533 F.3d at 1034.

As such, the Court resolves the doubts regarding complete diversity in favor of Plaintiffs and **GRANTS** the motion to remand.

///
///
///
///

## V. CONCLUSION

For the reasons above, the Court **GRANTS** the Motion. This action is **REMANDED** to the San Bernardino Superior Court, and the clerk is **DIRECTED** to close the case.

**IT IS SO ORDERED.**